N.Y.S.D. Case #
12-cv-3463(AJN)



13-0939-cv
*International Chartering Services, Inc. et al. v. Eagle Bulk Shipping Inc. et al.*

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand and thirteen.

PRESENT:   ROSEMARY S. POOLER,
                      BARRINGTON D. PARKER,
                      RICHARD C. WESLEY,
                                  *Circuit Judges*.

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:            _____
DATE FILED: March 25, 2014 _____

INTERNATIONAL CHARTERING SERVICES, INC.,
PERACO CHARTERING (USA) LLC,

                    *Plaintiffs-Appellees*,

              -v.-                                    13-0939-cv

EAGLE BULK SHIPPING INC., ANEMI
MARITIME SERVICES, S.A.,
BITTERN SHIPPING LLC, KINGFISHER
SHIPPING LLC, AVOCET SHIPPING LLC,
CRANE SHIPPING LLC, WREN SHIPPING LLC,

MANDATE ISSUED ON 03/25/2014

JAY SHIPPING LLC, CANARY SHIPPING LLC,
MARTIN SHIPPING LLC, THRASHER
SHIPPING LLC, ORIOLE SHIPPING LLC, OWL
SHIPPING LLC, WOODSTAR SHIPPING LLC,
NIGHTHAWK SHIPPING LLC,

       *Defendants-Appellants*.

—————————————

FOR APPELLANTS:  BRUCE G. PAULSEN (Jeffery M. Dine, Ryan Scott
          Suser, *on the brief*) Seward & Kissel LLP, New York, NY


FOR APPELLEES:   MARY ANN MARLOW (Christopher P. Keane, *on the
          brief*) Keane & Marlow, LLP, East Brunswick, NJ


   Appeal from the United States District Court for the Southern District of
New York (Nathan, *J.*).

   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District

Court for the Southern District of New York is **REVERSED** and that the cause is

**REMANDED** for proceedings consistent with this order.

   Defendants-Appellants, Eagle Bulk Shipping, and various of its

subsidiaries, appeal from an order entered by the United States District Court for

the Southern District of New York denying their motion to compel arbitration.

We assume the parties' familiarity with the case.

Background

Defendant Eagle Bulk Shipping is an operator of merchant ships and wholly owns each of the other defendants. The subsidiary defendants are Anemi Maritime Services, a provider of ship management services, and thirteen shell companies, each of which owns a single merchant ship. Plaintiffs, International Chartering Services (ICS) and Peraco Chartering, are ship brokers. Between 2006 and 2007 they negotiated contracts, known as "charter parties," in which the now-bankrupt Korea Line Corporation (KLC), agreed to charter Defendants' ships.[1] ICS signed the charter parties as Defendants' agent, but Plaintiffs were not themselves parties to the agreements. The charter parties provided for arbitration in London for any disputes arising between "Owners and the Charterers." In addition to creating the chartering relationship and providing for arbitration in London, the charter parties obligated Defendants to pay Plaintiffs certain commissions "on hire earned and paid under th[ese] Charter[s]." In 2011, following KLC's bankruptcy Defendants and KLC renegotiated the charter parties. Defendants then ceased paying a portion of the commissions from the original charter parties and Plaintiffs filed this suit. Defendants moved to compel

---

[1] KLC is not a party to this action.

arbitration, and the district court denied the motion. Defendants then filed this interlocutory appeal.

Discussion

Defendants assert that plaintiffs must arbitrate because their claims arise from the charter parties. Plaintiffs respond that (1) their claims do not arise under the charter parties, but from separately enforceable agreements, and (2) even if their claims were governed by the charter parties, they are not signatories, and thus are not bound to its arbitration clause. We address these arguments in reverse order.

## A. Whether the Charter Parties May Bind the Plaintiffs

When determining whether a party is bound to arbitrate we apply "[o]rdinary principles of contract and agency" law. *MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 61 (2d Cir. 2001). In doing so, "we have concluded that where a company knowingly accepted the benefits of an agreement with an arbitration clause, even without signing the agreement, that company may be bound by the arbitration clause." *Id.* (internal quotations marks omitted). Consequently, to the extent that the Plaintiffs' claims arise under the charter parties, they *may* be compelled to arbitrate.

4

Determining that the plaintiffs seek the benefit of the charter parties, does not end the inquiry, however. Because arbitration is contractual, we must also scrutinize the language of the contract itself. By its terms, the charter parties' arbitration clause only applies to "Owners and the Charterers." Since Plaintiffs are plainly neither, the district court reasoned, the arbitration clause does not bind them.

Were substantive federal maritime law to apply, this might be correct.[2] Defendants, however, argue that the charter parties elect English law, and that English law should apply.[3] Under English law we must interpret the phrase "Owners and Charterers" to encompass Plaintiffs because they are treated as

---

[2]*Compare Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S.*, 9 F.3d 1060, 1065 (2d Cir. 1993) (applying an arbitration clause covering "any other disagreement" to a non-party) *with Imp. Exp. Steel Corp. v. Mississippi Valley Barge Line Co.*, 351 F.2d 503, 505-06 (2d Cir. 1965) (narrowly applying an arbitration clause that bound only "Owners and the Charterers").

[3] Whether or not Defendants preserved this argument before the district court is a close question.  In light of our longstanding recognition that on matters of maritime law "it is . . . desirable, if possible, that the courts of England and of the United States in like manner should be in accord," however, we consider the argument preserved so that this widely used maritime contract may be properly interpreted.  *See Senator Linie Gmbh & Co. Kg v. Sunway Line, Inc.*, 291 F.3d 145, 170 (2d Cir. 2002) (quoting *Lehigh & Wilkes-Barre Coal Co. v. Globe & Rutgers Fire Ins. Co.*, 6 F.2d 736, 738-39 (2d Cir. 1925)).

assignees from the owners or charterers. *Nisshin Shipping Co. v. Cleaves & Co. Ltd.*, 1 Lloyd's Rep. 38, 45-46 (Q.B) (2004). Since English law and federal law produce different results, the choice of law analysis is essential. Yet, the district court failed to determine which law should govern this dispute. Accordingly, we remand for the district court to consider this question by applying federal maritime choice of law rules. *Blue Whale Corp. v. Grand China Shipping Dev. Co., Ltd.*, 722 F.3d 488, 498 (2d Cir. 2013).

B. Claims based on Prior Agreements

With respect to Plaintiffs' assertions that their claims are all based on prior, independent, and separately enforceable agreements, Defendants urge us to end this litigation and compel arbitration. They contend that there were no separate agreements, and that any evidence of prior and/or separately enforceable agreements  would be barred by the parol evidence rule. We decline to follow Defendants' proposed course. This case is before us only on a motion to compel arbitration, not a motion for summary judgment, and the district court did not reach any of the arguments that Defendants now press. On remand, the district court should determine whether plaintiffs have claims that are independent of the charter parties, and if so, permit plaintiffs to litigate these claims.

For the foregoing reasons, the judgment of the district court is hereby

**REVERSED** and the cause **REMANDED** for further proceedings consistent with

this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit